**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4200**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY W. BURWELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-03-203)

---

Submitted:  November 4, 2005          Decided:  January 3, 2006

---

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Charles A. Gavin, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Gregory W. Burwell was convicted of three counts of conspiracy to interfere with commerce by violence, in violation of 18 U.S.C. § 1951 (2000), two counts of actual interference with commerce by violence, in violation of 18 U.S.C. § 1951, and two counts of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). The district court sentenced Burwell under the federal sentencing guidelines to 168 months of incarceration on the § 1951 charges and consecutive sentences of 84 months and 300 months on the two firearm charges, for a total sentence of 552 months. On appeal, Burwell challenges the sufficiency of the evidence to support his convictions and argues that his sentence was erroneously enhanced by facts found by the district court judge. See United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Burwell's convictions, but vacate his sentence and remand for resentencing.

Burwell contends that the evidence was insufficient on the charges of conspiracy to interfere and interference with commerce by violence in violation of the Hobbs Act, 18 U.S.C. § 1951. "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003) (citation omitted), cert. denied, 540 U.S. 1169

- 2 -

(2004). The effect on commerce need not be a material effect; rather, the second element may be satisfied by even a minimal effect on commerce. Id. at 354.

The offenses charged in Counts 1 to 3 arose from the robbery of the J&D Supermarket. The evidence supporting these charges included the testimony of Jorrell Toler, a co-conspirator who testified for the Government at Burwell's trial. Toler testified that he, Burwell, and another individual discussed robbing the J&D Supermarket. The J&D Supermarket sells products that were made in Mexico and products purchased from distributors in Maryland and the District of Columbia.

On March 10, 2003, Toler and Burwell armed themselves with a gun and went to the Supermarket in Burwell's car, which had a personalized license plate "BURWE1L." They wore masks and entered the store shortly before closing. Burwell drew his gun and demanded the money from the cash register, but he and Toler left the store before obtaining the money. This evidence, viewed in the light most favorable to the Government, was sufficient for a rational fact finder to find Burwell guilty of all three charges. Glasser v. United States, 315 U.S. 60, 80 (1942); Williams, 342 F.3d at 354; see United States v. Kennedy, 133 F.3d 53, 57-58 n.3 (D.C. Cir. 1998) (holding that Hobbs Act violations are crimes of violence).

Burwell was also convicted of conspiracy to interfere and interference with commerce by threats and violence arising from the robbery of a McDonald's fast food restaurant in Bowling Green, Virginia. The evidence on these charges, viewed in the light most favorable to the Government, showed that Burwell and Antonio Gray were driving around in Burwell's car "looking for a place to rob." Burwell was hungry, so they stopped at a McDonald's. Burwell went into the restaurant and purchased food. He returned to the vehicle and informed Gray that the manager had the safe open, and there were three women working there. Burwell and Gray determined that Gray would rob the restaurant, Burwell would wait in the car at a certain location, and they would split the proceeds. Gray then entered the restaurant, asked for the manager, and demanded the money from the safe. However, the safe was no longer open, so he obtained $662 from a cash register. The restaurant purchased food and products from outside of Virginia. The McDonald's closed for an hour or two following the robbery. We find that this evidence was clearly sufficient to show that Gray and Burwell entered into an agreement to commit a robbery, that they committed the robbery, and that the robbery had an effect on interstate commerce. See Glasser, 315 U.S. at 80; Williams, 342 F.3d at 353-54.

Burwell's convictions on the remaining counts result from his involvement in the robbery of the Steady Flow Clothing Store in Richmond, Virginia. Burwell was convicted of conspiracy to

- 4 -

interfere with commerce by threats and violence, interference with commerce by threats and violence, and use and carry of a firearm in relation to a crime of violence. The evidence supporting those convictions was as follows: Burwell, Gray, and Toler agreed to rob the clothing store. On the day of the robbery, Burwell drove the three of them to the store. He and Toler carried firearms. The three entered the store wearing ski masks and robbed it of $1500, a diamond watch, and some vintage jerseys, which the store had purchased from a company in Pennsylvania.

Burwell contends that there was no evidence of an agreement to or intent to obstruct, delay, or affect commerce, and there was no evidence that commerce was materially affected. However, there is no need to prove that the defendant specifically intended to obstruct, delay or affect commerce. The crime is committed if the defendant commits a robbery or conspires to commit robbery, the natural consequence of which is an obstruction of commerce, even if that effect is minimal. See Williams, 342 F.3d at 353-54. We find that the evidence was sufficient to prove both that Burwell conspired to commit the robbery and that he committed the robbery. Also, the evidence was sufficient to show that the robbery affected commerce. Notably, there were customers in the store at the time of the robbery, and the store closed early because of the robbery. Also, the theft of merchandise that would otherwise be sold has an effect on commerce. See id. at 354-55

("Commerce is sufficiently affected under the Hobbs Act where a robbery depletes the assets of a business that is engaged in interstate commerce."). Additionally, we find that the evidence was sufficient for the jury to find that Burwell carried a firearm during the robbery, which qualifies as a crime of violence. Glasser, 315 U.S. at 80; Kennedy, 133 F.3d at 57-58 n.3.

Having found the evidence--viewed in the light most favorable to the Government--was sufficient to support Burwell's convictions on all the charges, we affirm his convictions.

Relying on United States v. Booker, Burwell contends that the district court erred by making factual findings concerning other criminal conduct and departing upward from the sentencing range based on those findings. Specifically, the district court found that Burwell was involved in twenty-four other uncharged robberies. This finding resulted in an increase in his offense level from level 27 to level 32, and an increase in his sentencing range on the robbery counts from 78 to 97 months, to 135 to 168 months.

In Booker, the Supreme Court held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making

the guidelines advisory. Id. at 756-57. Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker. Hughes, 401 F.3d at 546-56.

Burwell contends that he did not admit to participating in the additional robbery offenses listed in the presentence report, nor was this fact submitted to the jury for a determination. Therefore, he argues that the five-level upward departure violated his Sixth Amendment rights. Because Burwell did not raise this issue at sentencing, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Burwell must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks omitted).

Because the court made factual findings that increased Burwell's sentence, we find that there was plain error. Also, this error resulted in Burwell being exposed to a longer prison term, and therefore affects his substantial rights. Id. at 548. Because the district court "impose[d] a sentence greater than the maximum authorized by the facts found by the jury alone," we find that plain error that warrants correction. Id. at 546. Accordingly, we vacate Burwell's sentence and remand for resentencing.[1]

In conclusion, although we affirm Burwell's convictions, we vacate his sentence and remand for resentencing consistent with Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 764-65, 767).[2] We dispense with oral argument because the facts and legal

---

[1]As we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Burwell's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>